## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DEE ANNE MUTH, Individually and** | § | |
| **as the Independent Executrix of the** | § | |
| **ESTATE OF BARRY WILLIAM** | § | |
| **MUTH, SR., Deceased, and** | § | |
| **Wrongful Death Beneficiaries** | § | |
| **BARRY MUTH, JR., ASHLEY MUTH,** | § | |
| **EVAN MUTH, and MARILYN** | § | |
| **BLEAM** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:20-CV-144** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COME **DEE ANNE MUTH, Individually and as the Independent Executrix of the Estate of BARRY WILLIAM MUTH, SR., Deceased, and Wrongful Death Beneficiaries BARRY MUTH, JR., ASHLEY MUTH, EVAN MUTH, and MARILYN BLEAM**, hereinafter referred to as "Plaintiffs," complaining of the **UNITED STATES OF AMERICA,** hereinafter referred to as "Defendant," and for cause of action would respectfully show the Court the following:

### JURISDICTION

1.     This Court has jurisdiction over this lawsuit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671-2680.

### VENUE

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391(e), as the UNITED STATES OF AMERICA is the Defendant and all of the events or omissions giving rise to the claim occurred in this district.

1

**PLAINTIFFS**

3.      Plaintiffs are citizens of the United States.  Plaintiffs DEE ANNE MUTH, ASHLEY MUTH, and EVAN MUTH are residents of San Antonio, Bexar County, Texas; BARRY MUTH, JR. is a resident of New Braunfels, Comal County, Texas; and MARILYN BLEAM is a resident of Stuart, Martin County, Florida.

Plaintiff DEE ANNE MUTH is the surviving spouse and Independent Executrix of the Estate of Barry William Muth, Sr., Deceased.  Plaintiffs BARRY MUTH, JR., ASHLEY MUTH, and EVAN MUTH are the surviving children of BARRY WILLIAM MUTH, SR., Deceased.  Plaintiff MARILYN BLEAM is the surviving mother of BARRY WILLIAM MUTH, SR., Deceased.

**DEFENDANT**

4.      The UNITED STATES OF AMERICA may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and of the Complaint on the following:

a.      John F. Bash, United States Attorney for the Western District of Texas, by certified mail, return receipt requested at his office, United States Attorney, Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216, to the attention of the Civil Process Clerk; and

b.      William P. Barr, Attorney General of the United States, by certified mail, return receipt requested, at the U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530-0001, to the attention of the Civil Process Clerk.

## LIABILITY OF THE UNITED STATES OF AMERICA

5.      The UNITED STATES OF AMERICA is liable under Title 28 U.S.C. §§1346(b)(1) and 2674 because the personal injuries, wrongful death, and resulting damages were caused by the negligent or wrongful acts or omissions of employees of the UNITED STATES OF AMERICA at the Audie L. Murphy Memorial Veterans' Hospital in San Antonio, Texas, while the employees were acting within the course and scope of their office or employment, under circumstances where the UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiffs.

## DEPARTMENT OF VETERANS AFFAIRS IS AN AGENCY OF THE UNITED STATES OF AMERICA

6.      The Department of Veterans Affairs is an agency of the UNITED STATES OF AMERICA.  The UNITED STATES OF AMERICA, Defendant herein, though its agency, the Department of Veterans Affairs, at all times material hereto owned, operated and controlled the health care facility known as the Audie L. Murphy Memorial Veterans' Hospital in San Antonio, Texas, and through its agency, the Department of Veterans Affairs/ South Texas Veterans Health Care System staffed said health care facility with its agents, servants, and/or employees.

## JURISDICTIONAL PREREQUISITES

7.      Plaintiffs plead pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency the U.S. Department of Veterans Affairs on July 23, 2019, with receipt of said claim acknowledged by the Office of General Counsel, U.S. Department of Veterans Affairs, on September 10, 2019.   Greater than six months has passed since the filing of these claims, and the Department of Veterans Affairs has failed to resolve the claims.  The claims are,

3

therefore, deemed denied.  Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## FACTS

8.      BARRY WILLIAM MUTH, SR. was a 59-year-old male tetraplegic with a history of a C6 spinal cord injury, secondary to a motor vehicle rollover accident in 1999.

9.      BARRY WILLIAM MUTH, SR. was admitted to the Audie L. Murphy Memorial Veterans' Hospital on September 19, 2017, in his usual state of health, for elective cholecystectomy.  In preparation for surgery, Foley urethral catheterization was ordered.

10.      When inserting a Foley urethral catheter, the standard of care requires that the health care provider (in this case, a nurse) placing the Foley catheter be certain that the catheter tip and catheter balloon are in the bladder (that is, beyond the urethra and bladder neck) prior to inflating the balloon.  To confirm proper position of the tip of the catheter prior to inflating the balloon, the nurse must visualize urine flow through the catheter.  If urine is not seen flowing, then the nurse cannot assume that the catheter tip is residing in the bladder, as it may, instead, be stuck in the urethra.  Inflating the balloon with the catheter in the urethra, without visualization of urine flow, is a violation of the standard of care.  Such improper technique can lead to urethral trauma, bleeding, and can introduce urethral bacteria directly into the blood stream.

11.      In a patient with neurogenic bladder who typically catheterizes himself, like BARRY WILLIAM MUTH, SR., inflating the balloon in the urethra is particularly dangerous.  Patients like BARRY WILLIAM MUTH, SR are invariably colonized by bacteria along the genitourinary tract.  Accordingly, urethral trauma and bleeding can lead

to introduction of the bacteria into the blood stream, causing bacteremia and sepsis.  In addition, urethral trauma can lead to autonomic dysreflexia, with dangerous hypertension (high blood pressure) and bradycardia (slow heart rate), potentially leading to heart attack or stroke.

12.     At approximately 8:30 p.m. on September 19, 2017, Garland C. Green, L.V.N., a nurse acting within the course and scope of his employment at Audie L. Murphy Memorial Veterans' Hospital, inserted a Foley catheter in BARRY WILLIAM MUTH, SR. The progress note of Megen A. Richard, D.O. states that Nurse Garland Green "noted some resistance and periurethral blood" (i.e., bleeding around the catheter) when inserting the catheter.[1]

13.     For the next hour, there was zero urine output.

14.     At approximately 9:30 p.m., BARRY WILLIAM MUTH, SR. telephoned DEE ANNE MUTH, his wife, and told her that the nurse had inserted a Foley catheter around 8:30 p.m., and that there was an "awful lot of blood."   DEE ANNE MUTH told BARRY WILLIAM MUTH, SR. to call the nurse.

15.     At approximately 10:00 p.m., Nurse Garland Green telephoned Dr. Megen Richard for "recommendations."  Dr. Megen Richard instructed Nurse Garland Green to replace the Foley catheter and irrigate the bladder with sterile water.

16.     When Nurse Garland Green removed the initial Foley catheter, BARRY WILLIAM MUTH, SR. "voided frank hematuria" (i.e., red blood).

---

[1] In contrast, Garland C. Green, L.V.N. fraudulently charted: "Foley catheter inserted as per Dr.'s order, no resistance met with insertion." Significantly, Michelle B. Trbovich, M.D. informed DEE ANNE MUTH that Garland C. Green, L.V.N. had admitted his charting in this regard was a "lie."

17.    Nurse Garland Green inserted a second Foley catheter, "as per on call Dr.'s order," and noted "frank bleeding during insertion and after catheter was in place; catheter flushed repeatedly [with sterile water] as per Dr.'s instruction."

18.    Significantly, however, the second Foley catheter was not "in place."  Nurse Garland Green had inflated the catheter balloon in the urethra, rather than in the bladder, for the second time!

19.    BARRY WILLIAM MUTH, SR. quickly developed signs and symptoms of autonomic dysreflexia.  Within minutes, BARRY WILLIAM MUTH, SR. developed a headache, neck pain, and bladder and abdominal spasms, with blood pressure elevated to 180/100 (baseline was 80s/60s), and with persistent tachycardia, with heart rate in the 140s.

20.    BARRY WILLIAM MUTH, SR. called DEE ANNE MUTH again at approximately 11:20 p.m.  He sounded frantic and told DEE ANNE MUTH that she needed to come to the hospital.

21.    When DEE ANNE MUTH arrived at the hospital, Dr. Megen Richard informed her that, during Nurse Garland Green's attempts to catheterize BARRY WILLIAM MUTH, SR., the nurse had improperly inflated the catheter balloon before it went into the bladder and, as a result, BARRY WILLIAM MUTH, SR. was experiencing a great deal of bleeding.

22.    Several more attempts at urethral catheterization were unsuccessful, and the bladder remained undrained.  Sonography revealed a bladder volume of 700 cc, confirming that the catheter was not properly placed in the bladder.

23.    A urologic consultation was ordered.  At 1:00 a.m. on September 20, 2017, the Urology Chief was able to get the catheter into the bladder, and the bladder was drained.

24.     Over the next several hours, BARRY WILLIAM MUTH, SR. suffered from confusion, tachycardia, and labile blood pressure.  He ultimately progressed to hypotension, had a respiratory and cardiac arrest, and required cardiopulmonary resuscitation and intubation.

25.     His illness rapidly progressed and, despite medications to sustain his blood pressure, he continued to be hypotensive.  His prognosis was determined to be poor and, per the family wishes, blood pressure support was discontinued, and he was transitioned to comfort care with extubation (removal of the breathing tube).

26.     BARRY WILLIAM MUTH, SR. died from sepsis with septic shock at 10:30 p.m. on September 20, 2017.  Review of the culture data revealed that he had *E. coli* bacteria in his urine and blood.  The finding of *E coli* in the urine and blood is consistent with sepsis resulting from bacteremia secondary to traumatic catheterization.

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

27.     This is a Federal Tort Claims Action for monetary damages sustained by the Plaintiffs, as a result of the personal injuries to, and wrongful death of, BARRY WILLIAM MUTH, SR.

28.     Plaintiffs allege that Defendant, the UNITED STATES OF AMERICA, acting by and through its officials, agents, agents by estoppel, ostensible agents, nurses, servants, representatives, and/or employees, specifically including Garland C. Green, L.V.N., committed certain acts and/or omissions in the medical/nursing care and treatment of BARRY WILLIAM MUTH, SR., which constituted negligence.  Such negligent acts and/or omissions include, but are not limited to the following:

    a.    Failing to ensure that the catheter tip and catheter balloon were in the bladder, prior to inflating the catheter balloon, during insertion of the initial Foley catheter;

    b.    Failing to confirm the proper position of the catheter tip by visualizing urine flow through the catheter, prior to inflating the catheter balloon, during insertion of the initial Foley catheter;

    c.    Failing to terminate the procedure upon meeting resistance and periurethral blood, during insertion of the initial Foley catheter;

    d.    Inflating the catheter balloon in the urethra, without visualization of urine flow, during insertion of the initial Foley catheter;

    e.    Fraudulently charting "no resistance met with insertion" of the initial Foley catheter, in an apparent attempt to cover-up the incident;

    f.    Failing to terminate the procedure upon noting frank bleeding, during insertion of the second Foley catheter.

    g.    Failing to ensure that the catheter tip and catheter balloon were in the bladder, prior to inflating the catheter balloon, during insertion of the second Foley catheter;

    h.    Failing to confirm the proper position of the catheter tip by visualizing urine flow through the catheter, prior to inflating the catheter balloon, during insertion of the second Foley catheter;

    i.    Inflating the catheter balloon in the urethra, without visualization of urine flow, during insertion of the second Foley catheter; and

    j.    Failing to appreciate that the second Foley catheter, like the initial Foley catheter, was not "in place."

29.    The foregoing acts or omissions constituted negligence and violated the standard of care to which BARRY WILLIAM MUTH, SR. was entitled. Such acts and failures were the proximate cause of the injuries to, and wrongful death of, BARRY WILLIAM MUTH, SR., as well as the damages sustained by Plaintiffs.

30.    Specifically, the negligent inflation of the catheter balloon in the urethra led to bleeding, which caused urinary retention, and led to episodes of autonomic dysreflexia,

and to the need for repeated attempts at catheterization.  Moreover, the urethral trauma from the negligent inflation of the catheter balloon in the urethra, necessitated subsequent failed catheterization attempts, and caused urethral bacteria to enter the bloodstream, which directly caused bacteremia, severe sepsis, and death.

## DAMAGES

31.     As a direct and proximate result of the negligence of the UNITED STATES OF AMERICA, Plaintiffs, DEE ANNE MUTH, Individually and as the Independent Executrix of the Estate of BARRY WILLIAM MUTH, SR., Deceased, and Wrongful Death Beneficiaries BARRY MUTH, JR., ASHLEY MUTH, EVAN MUTH, and MARILYN BLEAM, have sustained substantial damages.   Plaintiffs bring this suit to recover all damages cognizable under the law resulting from the injuries to them as a result of the occurrence in question.

32.     As a direct and proximate result of the negligence of the UNITED STATES OF AMERICA, Plaintiff DEE ANNE MUTH, as Independent Executrix of the Estate of BARRY WILLIAM MUTH, SR., Deceased, alleges that Decedent suffered and sustained the following damages:

a.      Past Pain and Suffering;

b.      Past Mental Anguish; and

c.      Funeral and Burial Expenses.

In addition, Plaintiff DEE ANNE MUTH, as Independent Executrix of the Estate of BARRY WILLIAM MUTH, SR., seeks recovery of all other damages to which Decedent is entitled pursuant to the applicable state and federal law.

33.     As a direct and proximate result of the negligence of the UNITED STATES OF AMERICA, the Wrongful Death Beneficiaries DEE ANNE MUTH (Decedent's wife), MARILYN BLEAM (Decedent's mother), BARRY MUTH, JR. (Decedent's son), EVAN MUTH (Decedent's son), and ASHLEY MUTH (Decedent's daughter), have suffered and sustained the following damages:

a.     Past and Future Loss of Companionship and Society;

b.     Past and Future Mental Anguish; and

c.     Past and Future Pecuniary Loss.

In addition, the Wrongful Death Beneficiaries seek recovery of all other damages to which they are entitled pursuant to the applicable state and federal law.

## JURY DEMAND

Plaintiffs hereby request a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Defendant be cited to appear and answer herein, that upon final trial and hearing hereof, Plaintiffs have judgment against the Defendant for the amount of actual damages, and for such other and different amounts as they shall show by proper amendment before trial, for post judgment interest at the applicable legal rate, for all Court costs incurred in this litigation, and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves entitled and to which the Court believes them deserving.

Respectfully submitted,

LAW OFFICES OF GLENN W. CUNNINGHAM

/s/ *Glenn W. Cunningham*_____
Glenn W. Cunningham
State Bar No.: 05236500
Western District of Texas ID No.: 395738
14100 San Pedro Ave., Suite 550
San Antonio, Texas  78232
Telephone No.:  210.228.0600
Facsimile No.:  210.228.0602
glenn@cunninghamfirm.com

**Attorney for Plaintiffs**